UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VERNELL BASS,

      Plaintiff,

    v.                                                                Case No. 26-cv-732-JPG

MADISON COUNTY SHERIFF'S DEPARTMENT,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Vernell Bass's motion for leave to proceed *in forma pauperis* (Doc. 2) and motion for leave to attend hearings remotely (Doc. 3).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Bass's affidavit that he is indigent. However, he fails to state a claim against the Madison County Sheriff's Department. Bass attempts to state a claim under 42 U.S.C. § 1983 for wrongful arrest in violation of the Fourth Amendment. However, an Illinois Sheriff or Sheriff's Department cannot be held liable under a *respondeat superior* theory for the misconduct of Sheriff's deputies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The proper defendant in such a case is the individual who was actually involved in or responsible for the constitutional wrong against the plaintiff, *see Colbert v. City of Chi.*, 851 F.3d

649, 657 (7th Cir. 2017), or the Sheriff himself in his official capacity (the same thing as the Sheriff's Department) *if* the alleged constitutional violation was caused by his unconstitutional policy or custom, *see Monell*, 436 U.S. at 690-91.  Bass does not sue any individual for unconstitutional conduct, and he does not allege an unconstitutional policy or custom that caused the wrongful arrest.  Thus, he fails to state a claim for which *in forma pauperis* status should be granted.  The Court will, however, give Bass a reasonable opportunity to replead his claim to add facts and a proper defendant, if appropriate.  In an amended complaint, he should describe what each defendant did or did not do to violate his rights.

For these reasons, the Court **ORDERS** that Bass shall have 30 days from entry of this order to file an amended complaint that adequately pleads his Fourth Amendment claim.  If he fails to file an adequate amended complaint, the Court will dismiss this case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and will deny Bass's motion for leave to proceed *in forma* pauperis.  The Court **RESERVES RULING** on that motion (Doc. 2) until the deadline to amend passes or Bass amends his pleading, whichever happens first.

The Court further **DENIES without prejudice** Bass's motion for leave to appear at hearings remotely (Doc. 3).  He may reapply on a case by case basis if and when a hearing is set.

**IT IS SO ORDERED.**
**DATED:  May 28, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

2